FILED
CLERK, U.S. DISTRICT COURT
12/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00654-PA |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1344(2): Bank Fraud and Attempted Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 1028(a)(7), (b)(1)(D): Unlawful Possession and Use of Means of Identification; 18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1704: Unlawful Possession of a Counterfeit Postal Key; 18 U.S.C. §§ 981, 982, 1028, 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CRISTINA RUVALCABA and EDGAR NAVA, | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1344(2), 2(a)]

[DEFENDANT RUVALCABA]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Synchrony Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

2. Logix Federal Credit Union ("Logix") was a financial institution insured by the National Credit Union Share Insurance Fund.

3. Victim B.C. had a Logix money market account ending in 2300 in her name (the "B.C. Logix account").

B.  THE SCHEME TO DEFRAUD

4. Beginning on a date unknown to the Grand Jury, and continuing through at least on or about February 14, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant CRISTINA RUVALCABA, and others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised and executed, and attempted to execute, a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of Synchrony Bank and Logix, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

   a. Defendant RUVALCABA would obtain personal identifying information belonging to victim B.C., and defendant RUVALCABA or a co-schemer would use it to open a fraudulent credit card account issued by Synchrony Bank.

   b. Defendant RUVALCABA would use personal identifying information belonging to victim B.C. to access B.C.'s Logix bank account and to obtain a credit card issued to B.C. from Logix.

c.  Defendant RUVALCABA would use the credit cards issued in victim B.C.'s name and access victim B.C.'s Logix account to make fraudulent purchases and fraudulently withdrawal money from victim B.C.'s account.  In doing so, defendant RUVALCABA falsely represented to the financial institutions that operated the credit card accounts and bank account that she was an authorized user of the credit cards and bank account, and concealed that she was not authorized to access the credit cards and bank account.

C.  EXECUTIONS AND ATTEMPTED EXECUTIONS OF THE FRAUDULENT SCHEME

6.  On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant RUVALCABA committed or attempted to commit the following acts, each of which constituted an execution or attempted execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | January 18, 2023 | Execution: Use of credit card issued by Synchrony Bank in the name of B.C. to make a fraudulent charge of approximately $340.06 at Lowe's in Northridge, California. |
| TWO | January 21, 2023 | Execution: Use of credit card issued by Synchrony Bank in the name of B.C. to make a fraudulent charge of approximately $929.57 at Lowe's in Pacoima, California. |
| THREE | January 22, 2023 | Attempted Execution: Attempted use of credit card issued by Synchrony Bank in the name of B.C. to make a fraudulent charge of approximately $232.97 at Lowe's in Northridge, California. |
| FOUR | February 14, 2023 | Execution: Withdrawal of $10,000 from the B.C. Logix account at a Logix branch located in Woodland Hills, California. |

COUNT FIVE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT RUVALCABA]

On or about January 22, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant CRISTINA RUVALCABA knowingly possessed and used, without lawful authority, the means of identification that defendant RUVALCABA knew belonged to another person, namely, the name of victim B.C., during and in relation to the offense of Attempted Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Three of this Indictment.

COUNT SIX

[18 U.S.C. §§ 1028(a)(7), (b)(1)(D)]

[DEFENDANT RUVALCABA]

On or about January 19, 2023, in Los Angeles County, within the Central District of California, defendant CRISTINA RUVALCABA knowingly possessed and used, without lawful authority, means of identification of another person, namely, a California driver's license in the name of B.C., at CarMax in Inglewood, California, with the intent to commit, and in connection with the commission of, a violation of Federal law, namely, Mail Fraud, in violation of Title 18, United States Code, Section 1341, and a violation of state law, namely, Theft by False Pretenses, in violation of California Penal Code Section 532(a), with said possession and use affecting interstate and foreign commerce, and with such offense resulting in obtaining something of value aggregating $1,000 or more during any one-year period, namely, a 2019 BMW 540 sedan.

## COUNT SEVEN

[18 U.S.C. §§ 1708, 2(a)]

[ALL DEFENDANTS]

On or about February 12, 2022, in Los Angeles County, within the Central District of California, defendants CRISTINA RUVALCABA and EDGAR NAVA, each aiding and abetting the other, unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 455 pieces of mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendants knew that said mail and mail matter were stolen.

COUNT EIGHT

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about February 12, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTINA RUVALCABA and EDGAR NAVA, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 21 credit card account numbers, all issued to persons other than defendants, with said possession affecting interstate and foreign commerce.

COUNT NINE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about February 12, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendants CRISTINA RUVALCABA and EDGAR NAVA, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly possessed and used, without lawful authority, a means of identification that defendants RUVALCABA and NAVA knew belonged to another person, namely, the names of victims E.S. and M.A. and credit card account numbers issued to E.S. and M.A., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Eight of this Indictment.

COUNT TEN

[18 U.S.C. § 1704]

[DEFENDANT RUVALCABA]

On or about February 12, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant CRISTINA RUVALCABA knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit or delivery of mail matter, namely, one counterfeit Postal Service "arrow" key.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1028]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1028, in the event of any defendant's conviction of the offense set forth in Count Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b) Any personal property used or intended to be used to commit the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1028(g), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has

been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

13

FORFEITURE ALLEGATION FOUR

[18 U.S.C. §§ 982 and 1029]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Eight or Nine of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

    (b)  Any personal property used or intended to be used to commit the offense; and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party;

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

     /s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

SARAH S. LEE
Assistant United States Attorney
General Crimes Section